HERMINIA RUIZ DE LÓKPEZ ET AL., Petitioners, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 754.   Argued April 6, 1931.—Decided May 20, 1931.

Luis Llorens Torres for petitioners.   Carlos J. Torres for plaintiff in the summary foreclosure proceeding.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 171 of the Regulations for the Execution of the Mortgage Law provides that:

". . . When any of the persons on whom demand for payment is to be made should not reside in the municipal district where any of the property is situated, the demand shall be made on the person in charge of the estate in any legal capacity whatsoever, in order that he may advise the owner thereof without delay . . . .

"When the demand for payment is not served at the domicile of the person from whom payment is due, nor on an attorney in fact or lessee having charge of the estate, it shall be published in addition by means of edicts . . ."

E. Solé & Co., a junior mortgagee, appeared in a summary proceeding for the foreclosure of a first mortgage, and moved to set aside an order of sale on the ground that the non-resident mortgagor had not been cited by publication, although the demand for payment had been made upon one Celestino Benítez, who was neither a lessee nor an attorney in fact of such mortgagor.

The marshal's return recites that the demand was made upon Benítez as attorney in fact of the non-resident mortgagor, "his said attorney in fact being in charge of the mortgaged properties as administrator thereof, and collector of rents." Another recital shows that Benítez told the marshal that he was not the attorney in fact of the mortgagor. This statement was substantiated by an affidavit filed as an exhibit attached to the motion to set aside the order of sale.

There is a discrepancy between the affidavit and a certificate from the registry of property as to the date of a certain power of attorney executed either on the last day of April or on the last day of May, 1929. The fact remains that Benítez was not the attorney in fact of the mortgagor in November, 1930, when the demand for payment was made.

Petitioner in the summary foreclosure proceeding moves to quash the writ of certiorari issued by this court, and says that the term "attorney in fact" as used in section 171, *supra,* is broad enough to include any agent in charge of the property. The argument is that citation by publication is unnecessary when the demand for payment has been made upon anyone in charge of the mortgaged property in a representative capacity.

An attorney in fact is an agent but an agent is not necessarily an attorney in fact. An attorney in fact is an agent acting under a special power created by deed. 2 C. J. 421; 1 Escriche 617; 4 Id. 609.

The framers of the Mortgage Law and the Regulations were fully aware of this distinction. To construe the term attorney in fact as suggested by petitioner in the foreclosure proceeding would amount to an amendment of the law by judicial legislation in the guise of statutory construction.

The motion to quash must be denied, and the order of the district court overruling the motion to set aside its previous order for the sale of the mortgaged property must be reversed.

Mr. Justice Wolf took no part in the decision of this case.